1
2
3
4
5
6
7
8                        UNITED STATES DISTRICT COURT

9                     SOUTHERN DISTRICT OF CALIFORNIA

10   KEITH ARCHER, *et al.*,                )     Civil No. 06CV1229 JAH(RBB)
                                            )
11                 Plaintiff,               )
                                            )
     v.                                     )
12                                          )     **ORDER DENYING DEFENDANTS'**
     SILVER STATE HELICOPTERS, LLC.,        )     **MOTION FOR AN AWARD OF**
13   *etc., et al.*,                        )     **ATTORNEY'S FEES [DOC. # 22]**
                                            )     **FOR LACK OF JURISDICTION**
14                 Defendants.              )
                                            )
15   ─────────────────────────────────     )

16                            INTRODUCTION

17        This Court previously granted the motion to dismiss for lack of subject matter

18   jurisdiction filed by defendants Silver State Helicopters, LLC and Jerry Airola (collectively

19   "defendants").  Defendants now seek attorney's fees pursuant to California Code of Civil

20   Procedure § 1021,  California Civil Code § 1717, and Nevada Revised Statute 18.010.

21                            BACKGROUND

22        In a complaint filed June 12, 2006, plaintiffs brought claims for breach of contract,

23   misrepresentation and fraud arising out of agreements entered into for helicopter training and

24   certification.  The complaint sought general damages in the amount of $56,000 to $75,000 for

25   each plaintiff as well as punitive damages.  Defendants filed a motion to dismiss for lack of

26   subject matter jurisdiction, contending that plaintiffs had failed to demonstrate that the amount

27   in controversy exceeded $75,000, as is required for diversity jurisdiction pursuant to 28 U.S.C.

28   § 1332(a).  Noting that plaintiffs cannot aggregate their damages in order to meet the

                                                                              06cv1229

jurisdictional amount, this Court concluded that the jurisdictional amount had not been met and  dismissed the action for lack of subject matter jurisdiction.  Defendants then filed the present motion for attorney's fees, seeking to enforce attorney's fee provisions in certain of the plaintiffs' contracts.  This Court found the motion suitable for adjudication without oral argument.  See Civ. Local Rule 7.1(d.1).

DISCUSSION

As a preliminary matter, this Court must determine whether it has jurisdiction to award attorney's fees given that this action has been dismissed for lack of subject matter jurisdiction. Defendants cite the Eighth Circuit case of Walker v. Norwest Corp., 108 F.3d 158 (8th Cir. 1997) in support of their position that this Court does have jurisdiction to award attorney's fees.  However, in Walker, the Eighth Circuit awarded fees pursuant to Rule 11 as a sanction for filing a lawsuit over which the court obviously lacked subject matter jurisdiction.  The Ninth Circuit, like the Eighth Circuit, has recognized the propriety of imposing Rule 11 sanctions where a plaintiff files a complaint which it must have known was completely lacking a jurisdictional basis.  See Montrose Chem.Corp. of California v. Am. Motorists Ins. Co., 117 F.3d 1128 (9th Cir. 1997).  However, defendants do not seek attorney's fees pursuant to Rule 11; therefore, this Court's authority to sanction pursuant to Rule 11 is not at issue here.

Where attorney's fees are not sought as a sanction pursuant to Rule 11, the general rule is that a district court lacks jurisdiction to award attorney's fees where it lacks subject matter jurisdiction over the underlying action.  See Skaff v. Meridien N. Am. Beverly Hills, LLC, ___ F.3d ____, 2007 WL 3197038 (9th Cir. November 1, 2007) ("A court that lacks jurisdiction at the outset of a case lacks the authority to award attorneys' fees"); see also Latch v. United States, 842 F.2d 1031, 1033 (9th Cir. 1988) ("As a general rule, if a district court has wrongfully exercised subject matter jurisdiction over a dispute, the appellate court must vacate the district court's decision, including any award of attorney's fees."); Smith v. Brady, 972 F.2d 1095, 1097 (9th Cir. 1992) (noting that "if the district court lacked jurisdiction over the underlying suit, 'it had no authority to award attorney's fees'") (citing Latch).  Thus, for example, the Ninth Circuit in Branson v. Nott, 62 F.3d 287, 292-93 (9th Cir. 1995) held that

1   because the district court lacked jurisdiction over the plaintiff's "purported" § 1983 claim, it

2   also lacked jurisdiction to award attorney's fees pursuant to 42 U.S.C. § 1988.  Similarly, the

3   Ninth Circuit in <u>Latch</u>, applying this rule, vacated an award of attorney's fees to the plaintiffs

4   after it determined that the district court lacked jurisdiction over the their tax suit.  Finally, in

5   <u>In re Knight</u>, 207 F.3d 1115 (9th Cir. 2000), the Ninth Circuit held that a "district court

6   lacked any authority to award fees and costs under ERISA section 502(g)(1) . . . after finding

7   that it lacked subject matter jurisdiction over the underlying action."  <u>Id.</u> at 1119.

8        The one noted exception to this rule is where the attorney's fee statute itself "contains

9   an independent grant of jurisdiction."  <u>Latch</u>, 842 F.2d at 1033.  Thus, the Ninth Circuit in

10   <u>California Ass'n of Physically Handicapped, Inc. v. FCC</u>, 721 F.2d 667 (9th Cir. 1983) held

11   that the district court erred in denying for lack of jurisdiction a motion for attorney's fees

12   brought pursuant to § 505(b) of the Rehabilitation Act even though the district court lacked

13   jurisdiction over the plaintiffs' substantive claims.  Noting that the Supreme Court had

14   construed the language of that section as demonstrating Congress' "intent to authorize civil

15   suits in federal court solely to obtain an award of attorneys' fees for legal work done in

16   administrative proceedings," <u>Id.</u> at 671, the Ninth Circuit concluded that § 505(b) contained

17   an independent grant of jurisdiction that would allow the district court to award fees even

18   though it lacked jurisdiction over the plaintiffs' substantive claims.  Because there is no basis

19   for construing either the California or the Nevada statutes as containing an independent grant

20   of jurisdiction to this Court, this exception is inapplicable here.   Although the cases cited,

21   *supra*, involved lack of federal question jurisdiction rather than lack of diversity jurisdiction, and

22   the attorney's fees were being sought pursuant to a federal statute rather than state law, the

23   statement of law in these cases – that a district court has no authority to award attorney's fees

24   where it lacks jurisdiction over the underlying suit– is sufficiently broad to preclude an award

25   of fees here.  Moreover, there is no principled basis for distinguishing the holdings of these

26   cases.  Accordingly, this Court concludes that these cases, as controlling authority, dictate the

27   denial of the motion for attorney's fees for lack of jurisdiction.

28        The foregoing notwithstanding, this Court is aware that the Ninth Circuit in <u>Kona</u>

Enterprises, Inc. v. Estate of Bishop, 229 F.3d 877 (9th Cir. 2000) held that the district court had jurisdiction to award attorney's fees under state law even though it lacked subject matter jurisdiction over the action. However, this Court concludes that Kona Enterprises, which was decided after Latch, Smith, and Branson, supra, and which failed to mention, let alone distinguish, these cases, is not controlling authority. Absent an intervening Supreme Court decision, a Ninth Circuit panel must follow Ninth Circuit precedent unless such precedent is distinguished; precedent may only be overruled by the Ninth Circuit sitting *en banc*. See In re Osborne, 76 F.3d 306, 309 (9th Cir. 1996); Miller v. Gammie, 335 F.3d 889, 892-93 (9th Cir. 2003); see also In re Watts, 298 F.3d 1077, 1084 (9th Cir. 2002) ("Panels may distinguish; they may question; they may deploy virtually any of the other verbs in the *Shepard's* vocabulary. But they may not overrule.") (O'Scannlain, J., concurring).  Moreover, as explained in Hart v. Massanari, 266 F.3d 1155 (9th Cir. 2001):

> A court confronted with apparently controlling authority must parse the precedent in light of the facts presented and the rule announced. Insofar as there may be factual differences between the current case and the earlier one, the court must determine whether those differences are material to the application of the rule or allow the precedent to be distinguished on a principled basis . . . . [I]f a controlling precedent is determined to be on point, it must be followed.

Id. at 1172.  Here, Kona Enterprises did not distinguish but, rather, simply ignored Latch, Smith and Branson, which clearly fall within the definition of "apparently controlling authority."  Because one panel cannot overrule another, and because Kona Enterprises failed to distinguish what appears to be controlling authority, this Court concludes it would be inappropriate to follow Kona Enterprises.  See Jackson v. Scribner, 2007 WL 1532145, *4 n.11 (E.D. Cal. 2007) (concluding that when "faced with potentially conflicting controlling decisions of the Ninth Circuit," district courts should  "follow the first").  Moreover, this Court notes that Kona Enterprises reached its holding by misconstruing the holding of one Ninth Circuit case and by relying on dicta in another.

Kona Enterprises cites Anderson v. Melwani, 179 F.3d 763, 765-66 (9th Cir. 1999) for the proposition that a district court sitting in diversity may award attorney's fees pursuant to state law despite a dismissal for lack of subject matter jurisdiction.  However, the issue in

1   <u>Anderson</u> was whether the district court erred in concluding that because the case had been

2   dismissed on procedural grounds (for failure to join an indispensable party), the defendant was

3   not a "prevailing party" under a contractual fee-shifting provision.  <u>Anderson</u> concluded that,

4   under the common law, a "prevailing party" includes one who "permanently defeats" a lawsuit,

5   whether on the merits or on procedural grounds. The Ninth Circuit in <u>Anderson</u> did not

6   consider or discuss the district court's authority to award attorney's fees given its lack of

7   jurisdiction over the action but, rather, assumed the district court had jurisdiction to award fees

8   if the defendant was deemed a prevailing party.

9     <u>Kona Enterprises</u> also relies on <u>MacKay v. Pfeil</u>, 827 F.2d 540 (9th Cir. 1987).  In that

10   case, the plaintiff appealed from a fee award based on the assumption that the Ninth Circuit

11   would find that summary judgment had been improperly granted.  Although the Ninth Circuit

12   agreed that the grant of summary judgment was unwarranted, it did so not on the ground

13   articulated by the district court but, rather, on the ground that the district court lacked

14   jurisdiction over the action.  Accordingly, it vacated the order granting summary judgment and

15   remanded to the district court to dismiss the action for lack of jurisdiction.  It also affirmed the

16   district court's award of attorney's fees, stating without explanation or analysis that "[a]lthough

17   we hold that summary judgment was improperly granted, the reasons for our holding do

18   nothing to undermine the propriety of the award of attorney's fees." <u>MacKay</u>, 827 F.2d at 542

19   n. 3. The decision is devoid of language suggesting that the parties raised, or the Ninth Circuit

20   considered, the issue of whether the district court had the authority to award attorney's fees in

21   light of the Ninth Circuit's *sua sponte* determination that the district court lacked jurisdiction

22   over the action. Where a panel does not actually decide a particular issue, its statements

23   regarding the issue are dicta and are not controlling authority.  <u>United States v. Brandon P.</u>,

24   387 F.3d 969, 974-75 (9th Cir. 2004); <u>see also</u> <u>United States v. Dominguez-Mestas</u>, 929 F.2d

25   1379, 1383 (9th Cir. 1991).  Moreover,  simply because dicta is later cited as controlling

26   authority does not make it so.  <u>See</u> <u>United States v. Dominguez-Mestas</u>, 687 F.Supp. 1429,

27   1432 (S.D. Cal. 1988), <u>aff'd</u>, 929 F.2d 1379 (9th Cir. 1991).

28     Finally, this Court notes that in <u>Elks National Foundation v. Weber</u>, 942 F.2d 1480 (9th

5

Cir. 1991), the Ninth Circuit affirmed the district court's dismissal of a § 1983 action for lack of jurisdiction while also affirming the district court's grant of attorney's fees to defendants. A review of the decision reveals that the Ninth Circuit simply affirmed the award of attorney's fees under an abuse of discretion standard without considering whether the district court had authority to award such fees. Because the panel did not consider or decide the specific issue of whether the district court had authority to award attorney's fees, <u>Elks National Foundation</u>, like <u>Anderson</u> and <u>MacKay</u>, is not controlling authority in the present case.

For the foregoing reasons, this Court finds that it lacks the authority to award attorney's fees in this case. Accordingly, the motion for an award of attorney's fees is **DENIED** for lack of jurisdiction.

<u>CONCLUSION AND ORDER</u>

In light of the foregoing, **IT IS HEREBY ORDERED** that defendants' motion for an award of attorney's fees [Doc. #22] is **DENIED** for lack of jurisdiction.

Dated:      December 3, 2007

_____
JOHN A. HOUSTON
United States District Judge